NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JEFFREY BROWN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-2528

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-01121-LKG, Judge Lydia Kay Griggsby.

---

Decided: August 30, 2018

---

JASON E. PERRY, Law Office of Jason Perry, Cheshire, CT, argued for plaintiff-appellant.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for defendant-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., DOUGLAS K. MICKLE, CHAD A. READLER.

---

Before PROST, *Chief Judge,* MOORE and STOLL, *Circuit Judges.*

MOORE, *Circuit Judge.*

Jeffrey Brown appeals the U.S. Court of Federal Claims' ("Claims Court") grant of the government's motion and denial of his motion for judgment on the administrative record of proceedings before the Army Board for Correction of Military Records under 10 U.S.C. §§ 1201 and 1203. Because the Claims Court erred in holding Mr. Brown waived his argument that his shoulder condition supported disability retirement benefits, we reverse and remand.

BACKGROUND

Mr. Brown served in the U.S. Army from August 1984 to August 2000, when he was honorably discharged. During this time, he suffered several seizures. After the first seizure in 1996, he received treatment for a dislocated shoulder resulting from the seizure. From 1996 to 1997, his shoulder dislocated several more times, and in 1998, he underwent surgery to repair it.

In 1999, Mr. Brown fell out of the Army's height and weight standards, and the Army began processing him for involuntary separation. In April 1999, a Brigade Medical Officer reviewed Mr. Brown's report of medical history and concluded he qualified for involuntary separation upon conclusion of a General Surgery consult. In August 2000, Mr. Brown's enlistment contract expired prior to any action on involuntary separation.

In December 2013, Mr. Brown petitioned the Board for correction of his military records to provide him with military disability retirement. The Board determined his military records did not contain an error or injustice and denied his request for reconsideration. Mr. Brown filed suit in the Claims Court, which determined he had not sufficiently raised his claim based on his shoulder condi-

tion before the Board and had, therefore, waived it. It granted judgment on the administrative record in favor of the government.

Mr. Brown appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3). We review the Claims Court's judgment on the administrative record de novo. *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005).

## DISCUSSION

We disagree with the Claims Court's determination that Mr. Brown had not sufficiently raised his claim based on his shoulder condition before the Board. In his May 11, 2015, Application for Correction of Military Record, Mr. Brown specifically stated he was a "top performer" until he "began to have seizures and requiring surgeries." J.A. 132. His medical records make clear that one of the surgeries he required was to address his recurrent shoulder dislocations. J.A. 302. Similarly, his Report of Medical History explains that he had "3 hernia operations" and "1 shoulder surgery." J.A. 312. In requesting reconsideration by the Board, Mr. Brown stated his commanders failed to properly evaluate his medical condition "through all my shoulder dislocation and other seizures," and discussed his inability to do pushups. J.A. 133, 136. The Claims Court further acknowledged other portions of the record in which Mr. Brown explained the nature of his shoulder condition to the Board. J.A. 15–16. We hold, therefore, that Mr. Brown sufficiently raised his claims based on his shoulder condition.

In determining the rating of disability of a member of the armed services, the Secretary must "take into account all medical conditions whether individually *or collectively*." 10 U.S.C. § 1216a(b) (emphasis added). At oral argument, both parties agreed that if we find Mr. Brown

did not waive his shoulder condition, remand of the entire case is required.[1] Oral Arg. 10:51–11:24, 19:15–19:32. Because we hold Mr. Brown did not waive his shoulder condition, we remand the entire case for reconsideration.

## CONCLUSION

For the foregoing reasons, we reverse the Claims Court's determination that Mr. Brown waived his claims based on his shoulder condition. We remand for further proceedings.

**REVERSED AND REMANDED**

---

[1] In a post-argument letter for the court, the government for the first time changed its position on § 1216a(b), claiming that it does not require collectively considering every claimed condition. While we are skeptical of the government's proposed supplemental construction as it appears to read "or collectively" out of the statutory text, we deem this late-raised argument to have been waived.